# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY E. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 C 5158 |
| | ) | |
| v. | ) | Chief Judge Holderman |
| | ) | |
| MORGAN STANLEY, et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

At the status hearing on October 7, 2009, the defendants objected to the 90 interrogatories served by the plaintiff and to the voluminous requests to admit. The objection was based upon the untimeliness of the service, which did not comport with Chief Judge Holderman's order of 8/13/09 [#135] in that the interrogatories were not "issued in time to be responded to by 10/30/09." The requests to admit were made without prior court approval which contravened my order of 7/31/08, and they appeared to be excessive in number.

My initial reaction was to overrule the objection to the untimeliness of the interrogatories because they were only a day late. Further reflection has persuaded me that that ruling was improvident. First, I have no authority to overrule an order of the Chief Judge, which in effect is what I did. Second, even if I had the power to excuse the plaintiff's violation of Judge Holderman's order, as a matter of the extremely broad discretion accorded judges in controlling discovery, *Sommerfield v. City of Chicago,* 613 F.Supp.2d 1004, 1013 (N.D.Ill.2009)(collecting cases), I would not do so.

"We live in a world of deadlines.... The practice of law is no exception." *Raymond v. Ameritech Corp.*, 442 F.3d 600 (7th Cir. 2006). "Lawyers and litigants who decide to play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994). Throughout the range of the law, there are time limits imposed on parties at every stage of the case. Some are mandatory and admit of no deviations; others are more flexible. But in each instance, parties who do not pay heed to Shakespeare's injunction – "Defer no time delays have dangerous ends." Henry VI, Part I (1592) Act III, sc. ii 1.33 – imperil their own interests.[1] *See also Harris v. Owens-Corning Fiberglass Corp.*, 102 F.3d 1429, 1433 (7th Cir.1996). Even a day's delay can be fatal. *See, e.g., Brosted v. Unum Life Insurance Co. of America*, 421 F.3d 459 (7th Cir.2005); *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir.1996); *Raymond, supra*. "[W]hen parties wait until the last minute to comply with a deadline, they are playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). It is no answer to say that Ms. Robinson is appearing *pro se*. That does not excuse non-compliance with the procedural rules that govern all litigants. *Cf. Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir. 2006)(Easterbrook, J.); *Craig v. United States*, 2009 WL 2392922, at *2 (10th Cir. 2009).

Judge Holderman had the right to assume that the deadline he established would be honored. Rule 6(b), Federal Rules of Civil Procedure, clearly gives courts both the authority to establish deadlines and the power and discretion to enforce them. *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996); *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987)("Judges must be able to enforce deadlines . . ."). *See also Salgado by Salgado v. General Motors Corp.*, 150 F.3d

---

[1] The Seventh Circuit is partial to Twelfth Night. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir.1995) (" 'In delays there lies no plenty.' "). No matter. The point is the same.

735, 742-743 (7th Cir. 1998)(discussing the importance of deadlines and authorizing what in that case was a terrible outcome for the plaintiff). Ms. Robinson is the most sophisticated and knowledgeable *pro se* plaintiff with whom I have dealt. She is, without question, the equal of a good many lawyers, and she has substantial litigation experience against Morgan Stanley in other, extensive litigation, which involved many of the same factual issues involved here.

This case was filed in 2006. The discovery has been staggering, to say nothing of the discovery in the related litigation, and Ms. Robinson has been given extraordinary latitude – certainly more than she would have been accorded had she been represented by counsel. She is not the typical, untutored, *pro se* litigant, *see supra* at 2, and the fact that she has chosen to represent herself does not mean that the discovery rules have only unilateral application to the defendants or that every discretionary decision must be exercised in her favor.

Ms. Robinson has also served voluminous requests to admit on matters she claims there can be no dispute. Earlier in the case, I did not allow her to file requests to admit without leave of court. She has done so anyway, claiming that she interpreted that order to mean that she needed leave of court only in the earlier stages of the cases and not at the end. Perhaps that is so, and perhaps the order is susceptible of that reading. But that does not mean that she had the right to file an excessive number of requests to admit. *See* 36, Federal Rules of Civil Procedure.

Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski,* 834 F.2d 1345 (7th Cir. 1987). *See also* 7 Moore's Federal Practice § 36.02[2] (3d ed. 2000) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should

not be used as a method of discovery for those purposes."); *Stallings-Daniel v. The Northern Trust Co.*, 2002 WL 424629, at * 1 (N.D. Ill. 2002).

Requests to admit should not be excessive in number and, obviously, should be tailored in a manner and scope to "avoid harassment" and "improper motive." *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 926-27 (N.D. Ill. 2003). To that end, requests to admit must be simple and direct so they can be readily admitted or denied. *See e.g, Climco Coils Co. v. Siemens Energy & Automation, Inc.*, No. 04 C 50342, 2006 WL 850969, at * 1 (N.D. Ill. 2006). Properly used, requests to admit serve the expedient purpose of eliminating the necessity of proving essentially undisputed issues of fact. They are intended to save time and expense by narrowing the issues to be tried. "'Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.'" *United Coal Co. v. Powell Construction Co.*, 839 F.2d 958, 968 (3d Cir. 1988).

Courts routinely disallow requests for admission that run into the hundreds on the grounds that they are abusive, unreasonable, and oppressive. *See e.g., Joseph v. Connecticut Department of Children and Families*, 225 F.R.D. 400, 403 (D. Conn. 2005) (163 requests). *See also, Misco, Inc. v. Untied States Steel Corp.*, 784 F.2d 198, 206 (6th Cir. 1986).

These basic principles have persuaded me that in the exercise of the considerable discretion courts have in overseeing discovery, *Sommerfield*, 613 F.Supp.2d at 1013, the defendants should be excused from answering the plaintiff's recently filed requests to admit. The defendants do not concede that the matters in the requests are simple and incontrovertible, as the plaintiff claims. If they are right, the requests are improper. If she is right, then the matters will not be controverted by the defendants in the summary judgment proceedings which the defendants say are in the offing.

4

The discovery rules are not a ticket, Judge Moran wisely observed, to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. *Vakharia v. Swedish Covenant Hosp.,* 1994 WL 75055 at *2 (N.D.Ill. 1994). "Parties are entitled to a reasonable opportunity to investigate the facts-and no more." *Id.* As the Seventh Circuit pithily put it in *Walker v. Sheahan,* 526 F.3d 973, 978 (7th Cir.2008) – and what the court said there applies perfectly here-- "there was enough discovery here to choke a horse. ... [E]nough is enough." *Id.* at 981.

The defendants are excused from responding to the plaintiff's interrogatories and requests to admit.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 10/8/09