IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY E. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 C 5158 |
| | ) | |
| v. | ) | Chief Judge Holderman |
| | ) | |
| MORGAN STANLEY, et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Beverly Robinson, issued a subpoena to a non-party, C. Robert Kidder, for a deposition in Detroit, Michigan. She issued it from this court, however, and therein lies the rub. Federal Rule of Civil Procedure 45(a)(2) requires that a subpoena commanding attendance at a deposition – or document production – shall issue from the district court for the district in which the deposition – or document production – will occur. Thus, only a district court in the Eastern District of Michigan could issue a subpoena to Mr. Kidder. *See Amgen, Inc. v. Kidney Center of Delaware County, Ltd.*, 95 F.3d 562, 564 (7th Cir. 1996); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998). So, the subpoena must be quashed. Moreover, if Ms. Robinson properly issues this subpoena and Mr. Kidder still has any issues with it – he raises some here, requesting a protective order – those must be resolved in the issuing court, not here. Fed.R.Civ.P. 45(c)(3)(A); *Pogue*, 444 F.3d at 468; *In re Sealed Case*, 141 F.3d at 341.

"Ms. Robinson is the most sophisticated and knowledgeable *pro se* plaintiff with whom I have dealt. She is, without question, the equal of a good many lawyers, and she has substantial litigation experience against Morgan Stanley in other, extensive litigation, which involved many of the same factual issues involved here." *Robinson v. Stanley*, 2009 WL 3233909, *1 (N.D.Ill.,2009). Thus, the way in which the subpoena to Mr. Kidder was handled could scarcely have been a mistake. But even if it were, the result would be the same. Although courts are required to liberally construe *pro se* pleadings, *pro se* litigants, like Ms. Robinson, are not excused from compliance with the rules of procedure. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir.2008). *Accord In re Gunartt*, 2009 WL 4730391, 2. (7th Cir. 2009). Indeed, the Supreme Court in *McNeil v. United States*, 508 U.S. 106, 113 (1993) stressed that "procedural rules in ordinary civil litigation" are not to "be interpreted so as to excuse mistakes by those who proceed without counsel."

## CONCLUSION

For the foregoing reasons, the motion of non-party C. Robert Kidder to quash the subpoena [# 164] is GRANTED. His motion for a protective order barring his deposition is DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 2/24/10